IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Case No. 14-mj-2004 |
| v. | * | |
| | * | |
| | * | |
| JAVIER ANTONIO MEDINA | * | |
| a/k/a Allen Samear Lamin, | * | |
| | * | |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION AND ORDER OF COURT**

This matter is before the Court on Defendant's Motion to Withdraw Guilty Plea (ECF No. 39) filed on February 5, 2015, to which the Government filed a response in opposition (ECF No. 40). On December 18, 2014, Defendant entered a plea of guilty in this Court under a plea agreement with the Government. Before tendering the plea, Defendant's counsel advised Defendant that a plea and conviction could have adverse immigration consequences and asked Defendant his immigration status. Def's Mot. ¶ 1, ECF No. 39. Defendant advised his counsel that he was a United States citizen, so counsel agreed with Defendant's decision to accept the Government's plea offer. *Id.*

During the plea colloquy on December 18, the Court advised Defendant of the possible adverse immigration consequences if Defendant pleaded guilty and was not a citizen. Defendant indicated that he understood and wished to plead guilty. *Id.* ¶ 2.

After Defendant pleaded guilty, immigration officials took him into custody at an immigration facility in Worcester, Virginia, where he presently remains under an immigration hold. *Id.* ¶ 3. There, Defendant contacted his counsel and indicated that he wished to withdraw

his guilty plea because he was being held for possible deportation proceedings as a result of his plea. *Id.* According to Defendant, he had believed that he was a United States citizen and would not have pleaded guilty had he known that he was not a citizen. *Id.* ¶¶ 4-5. The Court will sentence Defendant on February 18, 2015.

A defendant does not have an absolute right to withdraw his guilty plea. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). Rather, a defendant may withdraw a plea of guilty after the Court accepts the plea, but before it imposes sentence, if the defendant can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). A fair and just reason for withdrawing a guilty plea is one that essentially challenges the fairness of the Rule 11 proceeding. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995). The Court has discretion to determine whether a defendant has met his burden under Rule 11. *See United States v. Bowman*, 348 F.3d 408, 413 (4th Cir. 2003); *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 593 (E.D. Va. 2004). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." *Bowman*, 348 F.3d at 414. Thus, when the Court considers a defendant's plea withdrawal motion, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. *Id.* A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge and constitutes an admission of all material facts alleged in the charge. *Id.* "Accordingly, a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." *Id.* "If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

When considering a defendant's motion to withdraw his guilty plea, the Court may also consider other circumstantial factors that relate to whether the defendant has advanced a fair and just reason, such as the following:

(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary;

(2) whether the defendant has credibly asserted his legal innocence;

(3) whether there is a delay between the entering of the plea and the filing of the motion;

(4) whether the defendant has had close assistance of competent counsel;

(5) whether withdrawal will cause prejudice to the Government; and

(6) whether it will inconvenience the Court and waste judicial resources.

*Bowman*, 348 F.3d at 414 (citing *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)). Not all factors are weighted equally. *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995). Rather, "[t]he factors that speak most straightforwardly to the question whether the movant has a fair and just reason to upset settled systemic expectations by withdrawing [his] plea are the first, second, and fourth." *Id.* "In contrast, the third, fifth, and sixth factors are better understood as countervailing considerations that establish how heavily the presumption should weigh in any given case." *Id.*

With regard to the third factor, Defendant filed his motion to withdraw his guilty plea on February 5, 2015, seven weeks after he entered his plea, which weighs against Defendant. *See Moore*, 931 F.2d at 248 (determining that six weeks between time of plea and time of filing of motion to withdraw guilty plea constituted long delay). Regarding the remaining factors, Defendant does not claim that he is innocent or has lacked close assistance of competent counsel,

but apparently maintains that his plea was unknowing and involuntary.  Before the Court accepts a defendant's guilty plea, the Court must inform the defendant in open court and determine that the defendant understands, among other things, that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.  Fed. R. Crim. P. 11(b)(1)(O).  Defendant has not argued that the Court failed to do so in this case, but rather maintains that he would not have pleaded guilty had he known that he was not a United States citizen.  He thus argues that he should be permitted to withdraw his plea because of his mistaken belief about his citizenship status.

Citing no authority, Defendant's argument is unavailing.  Although a defendant's mistake regarding the nature of the offense charged may be a basis for withdrawing a guilty plea, *United States v. Nichols*, 986 F.2d 1199, 1203 (8th Cir. 1993), Defendant seems to assert that he was mistaken about or not fully aware of the consequences of his plea, and so his plea was not made intelligently, knowingly, and voluntarily.  *See United States v. Pitino*, 887 F.2d 42, 48 (4th Cir. 1989) (per curiam).  Rule 11 requires the Court to inquire as to the defendant's understanding as to the nature of the charge and consequences of his plea, as well as to satisfy itself that there is a factual basis for the plea.  Fed. R. Crim. P. 11(b); *see United States v. Wilson*, 81 F.3d 1300, 1307 (4th Cir. 1996) (citing *McCarthy v. United States*, 394 U.S. 459, 467, 89 S. Ct. 1166, 1171 (1969)).  Moreover, Rule 11(b)(1)(O) requires the Court to inform a defendant of the immigration consequences of a conviction if the defendant is not a United States citizen; it does not, however, require the Court to inquire as to whether the defendant is, in fact, a citizen.  *See* Fed. R. Crim. P. 11(b)(1)(O).  "A defendant is put on notice that he should know, or if any doubt exists he should determine, his citizenship status *before* proceeding with the plea."  *State v.*

*Rajaee*, 745 So. 2d 469, 470 (Fla. Dist. Ct. App. 1999), *review denied*, 763 So. 2d 1044 (Fla. 2000). Defendant cites to no authority that a mistake or misunderstanding in entering a plea that is attributable to him regarding his citizenship status is sufficient to make his plea involuntary. *Cf. State v. Malivao*, 98 P.3d 285, 290 (Haw. Ct. App. 2004) (after the court advised the defendant of immigration consequences if he was not a United States citizen, "[the defendant's], or his counsel's, mistaken belief regarding [the defendant's] citizenship status at the time [the defendant] entered his plea did not mean [the defendant] did not knowingly, intelligently, and voluntarily enter a plea of no contest"); *Rajaee*, 745 So. 2d at 470. Because the Court's consideration of the first four *Moore* factors militates against granting Defendant's Motion, the Court need not address the fifth and sixth factors. *See Sparks*, 67 F.3d at 1154. In sum, because Defendant has not established a fair and just reason for withdrawing his plea, Defendant's Motion to Withdraw Guilty Plea (ECF No. 39) is **DENIED**.

Date: February 13, 2015                                          /s/
                                                           Thomas M. DiGirolamo
                                                           United States Magistrate Judge